# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

GEORGE W. BROWN,            )
                                          )
          Plaintiff,                )
                                          )
          v.                         )              No. 11-3145-CV-S-DGK-SSA
                                          )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security,        )
                                          )
          Defendant.             )

## ORDER AFFIRMING ALJ

Plaintiff George Brown seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*., and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Brown alleges he became disabled as of July 13, 2006 due to a back impairment, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

**Discussion**

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's impairments, Plaintiff was not disabled. Plaintiff, however, argues: (1) the ALJ erred by failing to afford appropriate weight to the opinion of Plaintiff's treating psychiatrist; (2) the ALJ improperly assessed his residual functional capacity ("RFC"); and (3) the ALJ erred in assessing Plaintiff's credibility in accordance with the *Polaski* factors.

**A. The ALJ did not err in evaluating the opinion of Plaintiff's treating psychiatrist.**

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Mohammad Rasheed, who found that Plaintiff had marked and moderate cognitive limitations and severe impairments of bipolar disorder, anxiety disorder, suicidal ideation, and auditory hallucinations and who concluded that Plaintiff is "not psychiatrically capable of having a gainful employment." R. at 364. In particular, Plaintiff argues that the ALJ failed to cite any medical evidence that would rebut Dr. Rasheed's treatment records or diagnoses. The Court finds that the ALJ afforded proper weight to Dr. Rasheed's opinion and cited relevant and reasonable reasons for doing so.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. § 416.927(d). Even though a treating physician's opinion is entitled to substantial weight, the opinion itself "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). An ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

Case 6:11-cv-03145-DGK   Document 15   Filed 07/12/12   Page 3 of 7

Dr. Rasheed's opinion regarding Plaintiff's limitations was properly discounted by the ALJ because it was not supported by his own medical reports. *See Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999) (finding that a "treating physician's opinion is afforded less deference when the medical evidence in the record as a whole contradicts the opinion itself"). Rather, it was based on Plaintiff's subjective complaints of pain, which had already been questioned by two other physicians. R. at 20, 136, 158. Moreover, Dr. Rasheed's opinion was discredited by other evidence of record. For example, when Plaintiff first alleged disability, he indicated in his disability report that his back condition was his only disabling impairment. R. at 90. The record does not contain evidence that his condition changed or that his mental capacities deteriorated such that he could later claim mental impairments as disabling conditions. Finally, the ALJ properly took note of the fact that Dr. Rasheed examined Plaintiff on only a few occasions. Because the Eighth Circuit has found that the longer a treating source has treated a patient, the more weight the ALJ should give to the source's medical opinion, the ALJ properly discounted Dr. Rasheed's opinion. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004).

## B. The ALJ properly assessed Plaintiff's credibility and accurately formulated his RFC.

Next Plaintiff asserts that the ALJ's RFC finding is not supported by medical evidence and that the ALJ failed to fully develop the record to "obtain sufficient medical evidence to support a valid [RFC] assessment" (Doc. 11). The ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to repetitive tasks and incidental contact with the public." R. at 14. The Court finds this determination supported by substantial evidence of record.

4

An ALJ must base his RFC determination on all evidence of record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Here, the medical evidence supports the ALJ's determination. For example, the objective medical evidence does not support Plaintiff's complaints of chronic pain. In January 2007, x-rays of Plaintiff's ribs were negative. R. at 116. Thoracic spine x-rays obtained at that time were also primarily negative with the exception of moderate anterior wedging of the T8 vertebral body. R. at 117. Lumbar spine x-rays were similarly unremarkable, with no evidence of listhesis, compression fracture, or abnormality. R. at 288. A December 2008 magnetic resonance imaging ("MRI") scan of Plaintiff's thoracic spine was also unremarkable. R. at 244.

The opinions of Dr. Bailey also support the ALJ's RFC finding. Dr. Bailey, for example, who examined Plaintiff on one occasion when his primary physician, Dr. Methven, was absent, noted that he did not want to give Plaintiff pain medication "over and above" what Dr. Methven prescribed because he was "a little suspicious" that Plaintiff's pain symptoms were as serious as he claimed. R. at 158. Additionally, Dr. Bailey's extensive neurological examination revealed no issues with wasting or muscular atrophy. R. at 158. In fact, Dr. Bailey noted that Plaintiff had "no wasting," was "fairly muscular," had normal reflexes, and had no "asymmetric losses of sensation." *Id*. Finally, even Plaintiff's treating physician, Dr. Methven, whose opinion Plaintiff advocates the ALJ should have afforded more weight, noted in May 2008 that Plaintiff's back pain was well-controlled with current pain medication. R. at 167. *See Brace v. Astrue*, 578 F.3d

5

882, 885 (8th Cir. 2009) (finding that if an impairment can be controlled with medication, it is not considered disabling).

The ALJ also properly considered Plaintiff's work history and daily living activities in formulating his RFC. Prior to his application for disability, Plaintiff worked only sporadically, leading the ALJ to question whether Plaintiff's unemployment was actually due to medical impairments. *See Pearsall*, 274 F.3d at 1218 (finding that "[a] lack of work history may indicate a lack of motivation to work rather than a lack of ability"). The ALJ then considered Plaintiff's daily living activities, finding that Plaintiff's restrictions appeared to be self-imposed rather than necessary as a result of disability. R. at 20.

Plaintiff also asserts that the ALJ did not properly evaluate his credibility, failing to consider the factors set forth in the Social Security regulations and *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984). The ALJ's credibility finding must be affirmed if it is supported by substantial evidence on the record as a whole. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski*, 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935.

In discounting Plaintiff's credibility, the ALJ relied on the same inconsistencies between Plaintiff's assertions and the substantial evidence of record—including the objective medical evidence, daily living activities, and work history—that he relied on in making his RFC determination. Overall, the ALJ properly considered the evidence in the record to determine that

6

Plaintiff's allegations of disabling pain were not credible. Accordingly, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: __July 12, 2012__                     __/s/ Greg Kays_____
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT